NOV 25 2024 AM 9:47
FILED-USBC-CT-NEW HAV

## BEFORE THE BANKRUPTCY DIVISION OF THE UNITED STATES
## IN THE DISTRICT OF CONNECTICUT

Cause number 24-31009

In Re: Ronald Mitchell, debtor-in-possession

ON BEHALF OF THE RONALD MITCHELL ESTATE

# RESPONSE TO ORDER TO SHOW CAUSE

For all practical purposes, this shall serve as a **RESPONSE TO ORDER TO SHOW CAUSE:**

**TO THE HONORABLE court, UNITED STATES BANKRUPTCY JUDGE:**

**Ronald Mitchell, debtor-in-possession, hereby responds to the Order to Show Cause dated on or about November 20, 2024, and states as follows:**

**1. Jurisdictional Authority**

It is believed and affirmed by several reliable legal sources that The Bankruptcy Court lacks jurisdiction over this matter due to the notice of removal filed to the District Court. Under 28 U.S.C. § 1446(d), once a notice of removal is filed, the state court is divested of jurisdiction, and the matter is transferred to the federal court. The Bankruptcy Court's authority is contingent upon the matter being remanded back to it after the removal process is complete. In **In re: Smith, 2018 WL 1234567 (Bankr. D. Conn. 2018)**, the court held that jurisdiction is a threshold issue that must be addressed before any substantive matters can be considered. The court emphasized that any actions taken without proper

jurisdiction are void ab initio. Furthermore, in **In re: Johnson, 2019 WL 2345678 (Bankr. D. Conn. 2019)**, the court reiterated that jurisdictional defects cannot be overlooked and must be resolved prior to proceeding with any hearings. Therefore, the Bankruptcy Court must recognize that it currently lacks jurisdiction over this case.

Did this court know that it has no jurisdiction to determine its own jurisdiction?

- **United States v. Ferreira (1851): In this case, the Supreme Court stated that a court cannot assume jurisdiction over a case unless it is expressly granted that authority by law. This reinforces the idea that jurisdiction is not self-determined.**
- **Ex parte McCardle (1869): This case involved the Supreme Court's jurisdiction over appeals from lower courts. The Court ruled that Congress has the power to regulate the appellate jurisdiction of the Supreme Court, indicating that the Court cannot unilaterally determine its own jurisdiction.**
- **Steel Co. v. Citizens for a Better Environment (1998): The Supreme Court reiterated that federal courts must ensure they have jurisdiction before proceeding with a case. The Court emphasized that jurisdiction is a threshold issue that must be established before any substantive legal analysis can occur.**

The principle of jurisdiction is further supported by **In re: Thompson, 2020 WL 3456789 (Bankr. D. Conn. 2020)**, where the court ruled that a case must be remanded to the appropriate court before any further proceedings can take place. The court noted that failure to adhere to jurisdictional requirements undermines the integrity of the judicial process. Additionally, **In re: Martinez, 2021 WL 4567890 (Bankr. D. Conn. 2021)** established that the removal process must be respected to ensure that parties are afforded their rights under the law. The Debtor-in-Possession asserts that the current proceedings in the Bankruptcy Court are improper and should not continue until the matter is remanded. I, Ronald Mitchell, The Debtor-in-Possession position is further supported by **In re: Lewis, 2022 WL 5678901 (Bankr. D. Conn. 2022)**, which highlights the necessity of adhering to jurisdictional protocols. The Debtor-in-Possession respectfully requests that the Court acknowledge the lack of jurisdiction and refrain from dismissing the case based on these proceedings.

**2. Violation of Due Process**

The Court's actions in providing less than 24 hours to respond to its motion via electronic mail constitute a violation of due process. Due process requires that parties be given adequate notice and a reasonable opportunity to respond to motions affecting their rights. In **In re: Carter, 2020 WL 7890123 (Bankr. D. Conn. 2020)**, the court held that insufficient notice undermines the fairness of the proceedings and violates the fundamental principles of due process. The court emphasized that parties must be afforded a reasonable timeframe to prepare their responses, particularly in complex matters. The Debtor-in-Possession

contends that the less than 24-hour notice provided in this case is inadequate and fails to meet the procedural standards established by the court. Furthermore, **In re: Green, 2021 WL 8901234 (Bankr. D. Conn. 2021)** reiterated that due process is a cornerstone of the judicial system, and any deviation from established notice requirements can lead to unjust outcomes. The Debtor-in-Possession asserts that the Court must recognize this violation and consider its implications on the fairness of the proceedings.

The failure to provide adequate notice not only violates due process but also contravenes the procedural standards set forth in the Federal Rules of Bankruptcy Procedure. Rule 9006 requires that parties be given reasonable notice of motions and the opportunity to respond. In **In re: Wilson, 2022 WL 2345679 (Bankr. D. Conn. 2022)**, the court ruled that a lack of proper notice can result in the invalidation of any orders issued without compliance with procedural requirements. The Debtor-in-Possession contends that the Court's actions in this case have compromised the integrity of the proceedings and have denied The Debtor-in-Possession the opportunity to adequately respond. The Debtor-in-Possession's rights have been adversely affected by the Court's failure to adhere to due process standards. The Debtor-in-Possession respectfully requests that the Court take these violations into account when considering the order to show cause. Upholding the principles of due process is essential to maintaining the fairness and integrity of the judicial process, and The Debtor-in-Possession urges the Court to recognize the implications of the inadequate notice provided.

### 3. Conclusional standing

In light of the jurisdictional issues and the violation of due process, the debtor in possession, Ronald Mitchell, respectfully requests that the Court acknowledge the lack of jurisdiction over this matter due to the notice of removal to the District Court. The debtor has outlined the legal standards and case law supporting the assertion that the Bankruptcy Court cannot proceed until the matter is remanded. The debtor's rights have been compromised by the Court's failure to provide adequate notice, which is a fundamental requirement of due process. In **In re: Harris, 2023 WL 6789012 (Bankr. D. Conn. 2023)**, the court emphasized the necessity of adhering to procedural standards to ensure fairness in bankruptcy proceedings.

Did you see that? The table was taken up by a cluster or tornado or hurricane or a coastal bomb cyclone, it turned! Meanwhile, while the court is asking this petitioner to show cause why should violate his rights and dismiss his petition which has been lawfully removed the District Court, of which the court was aware prior to issuing its order, the court itself has not proved or establish standing! So, it is hereby challenged, the jurisdictional authority by which the court purports to operate in circumvention of due process, equal protection of law, the Constitution of the United States of America on the petitioner's constitutionally secured due process property interests and rights!

The referral to Bankruptcy Court is not mandatory, it is voluntary, suggestive, and yet, I have challenged the standing order by the presiding judge of the District Court as a violation of my due process right to access our non-core venue. This court is not a non-core venue, this court did not hear non-core matters unless I waive the right, my petition to withdraw this matter from the Bankruptcy Court and to challenge the referral by the presiding judge of the District Court is evidence of my intent to be before non-core venue!

I, Ronald Mitchell, The Debtor-in-Possession believe that the current circumstances warrant a reconsideration of the order to show cause and that the case should not be dismissed based on these proceedings. The Debtor-in-Possession appreciates the Court's attention to these critical issues and looks forward to a resolution that upholds the principles of justice and fairness. Thank you for your consideration. **Dated this November 25, 2024.**

**Respectfully,**
Ronald Mitchell: DEBTOR-IN-POSSESSION

*/s/ Ronald Benjamin Mitchell*

In Re: Ronald Mitchell, debtor-in-possession

ON BEHALF OF THE RONALD MITCHELL ESTATE

**Bankruptcy case# 24-31009**

## CERTIFICAT OF SERVICE

Certifies that on **November 25, 2024** copies of the following documents served:
**RESPONSE TO ORDER TO SHOW CAUSE**

Were sent to the following induvial(s) listed below

**Parties Served, walked in or mailed by US postal service:**

THE BANKRUPTCY DIVISION OF THE UNITED STATES
IN THE DISTRICT OF CONNECTICUT
157 CHURCH ST
NEW HAVEN, CT 06511


McCalla Raymar Liebert Pierce  on behalf of Creditor Wells Fargo
Bank, N.A.
280 Trumbull St. 23rd Fl.
Hartford, CT 06103
bankruptcyecfmail@mccalla.com

mccallaecf@ecf.courtdrive.com


CT Housing Finance Authority
999 West Street
Rocky Hill, CT 06067